## MANLEY ELLIS *vs.* HERBERT R. GRANT.

A notice to appear and perform militia duty, given by one non-commissioned officer or private to another, is not legal, under the militia acts of 1834, and 1837, unless the person giving the notice has written or printed orders therefor from the commanding officer of the company.

ERROR to reverse a judgment of a justice of the peace in an action of debt, brought by *Grant* as clerk of a company of militia, against *Ellis*, to recover a fine for neglecting to appear at a company training at the annual inspection. The fifth error assigned was this. That no proof was offered, that said *Ellis* was legally warn-

Ellis v. Grant.

ed to attend the inspection. The facts in relation to this error were as follows. To prove the warning, the plaintiff offered one *Daniel French*, by whom it was proved, that the defendant was notified by a printed notice delivered to him by *French*, in obedience to a verbal order from the captain. This was received as sufficient evidence, that the defendant was legally warned, although the defendant objected thereto.

*W. Kelley*, for the original defendant. The *stat.* of 1834, *c.* 121, § 21, makes it the duty of the commanding officer *to issue his orders* for a company training, and the non-commissioned officer or private *so ordered as aforesaid*, is to warn the members of the company. The same statute, § 12, requires that the clerk shall record all such orders in the orderly book. The only case in which the company can be warned by the captain, by verbal orders, is when the company is paraded and under his command. This then was a mere warning by an individual without authority, which the private is not bound to notice.

*Pond*, for the original plaintiff, contended, that a verbal order was sufficient, so far as it respected the privates warned. He has no means of telling what order the person warning him has. It is enough that the captain directed the warning, and recognizes it. If this had been a suit against a private for refusing to warn under a verbal order, there might have been more force in the objection. The clerk is to record all orders which are in writing, and there are clearly some which are not in writing.

The opinion of the Court, after a continuance, was drawn up by

WESTON C. J. — The militia law requires, that every commanding officer shall parade his company, on the first *Tuesday* of *May* annually. And to this end, he is to issue his orders to some one or more of the non-commissioned officers or privates of his company, requiring him or them to notify the men belonging to his company, to appear at the time and place appointed. And the service of such notice may be proved by the non-commissioned officer or private " who shall have received orders to notify." *Stat.* of 1834, *c.* 121, § 21. We are of opinion, that these orders, which are to be thus " issued" and " received," should be in writing ; and that such is the military usage. That such orders should

be written or printed, is apparent from the 32d section of the same act, where it is provided, that the Adjutant General shall furnish blank orders, for the commanding officers of companies to order their non-commissioned officers and privates to notify their men to attend all the inspections, trainings and reviews, and meetings for the choice of officers, which shall be ordered.

In the section first referred to, it is provided, that those whose duty it is to notify, may give notice verbally, but there is no such provision in regard to the orders. By the seventh section of the additional act of 1837, c. 276, it is provided, that whenever a company shall be paraded, the commanding officer may notify the men thus paraded verbally, to appear at some future time, within thirty days, for any military purpose, required by law. Company orders are to be registered by the clerk. If they are in writing, he is furnished with the means of performing this duty, with certainty and precision. In the instance before stated, where it is specially provided that they may be verbal, they are given in his hearing, and are a part of the proceedings, while the company is on duty.

There is then in the case before us, a failure of proof, that orders had issued in pursuance of law, that the company should assemble for inspection on the day, when the original defendant is charged with having been delinquent, from which it results, that he was not warned under competent authority. We are therefore of opinion, that the fifth error is well assigned.

*Judgment reversed.*